## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### Urbana Division

| | |
|---|---|
| SHARON L. KUPIEC, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No. 11-2149 |
| DECATUR ATHLETICE CLUB, INC., | ) |
| a/k/a Decatur Athletic Club, Inc., | ) |
| | ) |
| Defendant. | ) |

# REPORT AND RECOMMENDATION

In June 2011, Plaintiff Sharon Kupiec filed a Complaint (#1) against Defendant Decatur Athletic Club, Inc. Plaintiff brings this action under the Americans with Disabilities Act, 42 U.S.C. § 12111, et. seq. Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331.

In June of 2011, Defendant filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (#5). Plaintiff filed a Response to Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (#8) in July of 2011. This Court entered a Text Order on October 14, 2011, indicating it would treat the motion as one for summary judgment. The Court provided an opportunity for parties to present additional material pertinent to the motion. Each party filed additional materials accordingly. (#18, #20). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment **(#5)** be **GRANTED** pursuant to Federal Rule of Civil Procedure 56.

## I. Background

Plaintiff Sharon L. Kupiec is a resident of Decatur, IL. Defendant Decatur Athletic Club, Inc. is an Illinois corporation that operates a "Kids and Fitness" program in Decatur, IL. Plaintiff was employed by Defendant from January 6, 2005, until Plaintiff's termination on June 1, 2010. (#1, p. 3). Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity

Commission on February 25, 2011.  (#1-1).  The Equal Employment Opportunity Commission mailed Plaintiff a Notice of Right to Sue on March 3, 2011.  (#1-2).  The Notice of Right to Sue was assigned the certified mail number 7010 1870 0002 0566 1611.  (#1-2).

Plaintiff's address is 1074 Executive Court, Decatur, IL 62526.  (#8-1).  Plaintiff claims to have received the Notice of Right to Sue letter on March 10, 2011.  (#1-3).  According to the United States Postal Service tracking and confirmation service, the Notice of Right to Sue letter was delivered in Decatur, IL at 1:39 p.m. on March 7, 2011.  (#5-1, p. 3).  The United States Postal Service has a scanned image of Plaintiff's signature corresponding to a delivery to Plaintiff's address recorded at 1:39 p.m. on March 7, 2011.  (#5-1, p. 7).  Plaintiff filed her complaint in federal court on June 8, 2011.  (#1).

## II.  Standard

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  In ruling on a motion for summary judgment, the Court must decide, based on admissible evidence, whether any material factual dispute exists that requires a trial.  *Waldridge v. Am. Hoechst Corp.,* 24 F.3d 918, 920 (7th Cir. 1994).  The party seeking summary judgment bears the initial burden of showing that no such issue of material fact exists.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The Court must draw all inferences in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).  However, the nonmoving party may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; rather, he must go beyond the pleadings and support his contentions with proper documentary evidence.  *Celotex*, 477 U.S. at 322-23.  Because the purpose of summary judgment is to isolate and dispose of factually unsupported claims, the nonmoving party must respond to the motion with evidence setting forth specific facts showing that there is a genuine issue for trial.  *See* FED. R. CIV. P. 56(e);  *Albiero v. City of Kankakee*, 246 F.3d 927, 932 (7th

Cir. 2001). To successfully oppose a motion for summary judgment, the nonmoving party must do more than raise a metaphysical doubt as to the material facts, and instead must present definite, competent evidence to rebut the motion. *Wolf v. Nw. Ind. Symphony Soc'y*, 250 F.3d 1136, 1141 (7th Cir. 2001); *Albiero*, 246 F.3d at 932.

### III. Discussion

Defendant argues that Defendant is entitled to summary judgment because Plaintiff failed to file suit within the time required under Title VII and the Americans with Disabilities Act (ADA). Plaintiff argues that suit was timely filed. For the reasons explained below, this Court agrees with Defendant that suit was not timely filed.

As an initial matter, this Court notes that Defendant's motion has been treated as a motion for summary judgment. A motion brought pursuant to Rule 12(b)(6) becomes a motion for summary judgment when the defendant attaches materials outside the complaint and the court chooses to consider those materials. *Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 775–76 (7th Cir. 2001). Federal Rule of Civil Procedure 12(d) further provides:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

FED. R. CIV. P. 12(d).

Here, Plaintiff alleges she received her Notice of Right to Sue letter on March 10, 2011. (#1, p. 3). Defendant has submitted evidence outside the pleadings that the Notice of Right to Sue was received on March 7, 2011. (#5-1). This Court is considering the additional evidence outside the pleadings. Therefore, treating the motion as one for summary judgment is proper. Pursuant to this Court's Text Order on October 14, 2011, the requirements of Local Rule 7.1(D) were waived and the parties were given time to submit additional materials pertinent to the motion.

Regarding the timeliness of Plaintiff's complaint, Defendant argues that Plaintiff failed to timely file her suit within 90 days as required by law. 42 U.S.C. § 2000e-5(f)(1). Under ADA and Title VII, the 90-day period begins to run when the claimant receives actual notice of the right to sue. *Houston v. Sidley & Austin*, 185 F.3d 837, 839 (7th Cir. 1999). This rule applies unless the plaintiff is not at fault for a delay in receiving the Notice of Right to Sue. *See St. Louis v. Alverno Coll.*, 744 F.2d 1314, 1316–1317 (7th Cir. 1984). Absent such circumstances, the 90-day limit is strict, and complaints filed immediately after the 90-day limit will be dismissed. *See, e.g., Jones v. Madison Serv. Corp.*, 744 F.2d 1309, 1314 (7th Cir. 1984) (affirming a grant of summary judgment that a complaint was untimely when it was filed 92 days after a Notice of Right to Sue). Plaintiff does not assert that her receipt was delayed due to circumstances out of her control. Here, Plaintiff and Defendant present different dates of receipt of Plaintiff's Notice of Right to Sue. This Court must analyze whether there is an issue of material fact concerning which date is accurate.

Here, Defendant has provided sufficient proof that the Notice of Right to Sue was received by Plaintiff on March 7, 2011. Plaintiff's Notice of Right to Sue had the certified mail number 7010 1870 0002 0566 1611. (#1-2). The United States Postal Service tracking of item number 7010 1870 0002 0566 1611 reveals that the Notice of Right to Sue was received by Plaintiff on March 7, 2011, at 1:39 p.m. (#5-1, p. 5). Plaintiff signed for the receipt of the Notice of Right to Sue on March 7, 2011. (#5-1, p. 7). Obtaining the signature of the recipient and electronically recording the time and date of the delivery of certified mail is part of the normal course of business and record-keeping of the United States Postal Service. (#18-1).

Plaintiff claims that the Notice of Right to Sue was received on March 10, 2011. Plaintiff supports this contention with nothing more than an affidavit in which she states that she recalls receiving the Notice of Right to Sue on April 10, 2011. (#8-1). Based on the complaint, Plaintiff likely intended the affidavit to read "March 10, 2011" instead of "April 10, 2011," but this mistake is immaterial. It is well established in this Circuit that "[s]elf-serving affidavits without factual support in the record will not defeat a motion for summary judgment." *Slowiak*

*v. Land O'Lakes, Inc.*, 987 F.2d 1293, 1295 (7th Cir. 1993). Therefore, in light of the evidence presented, no reasonable jury could conclude that the Notice of Right to Sue was received on a date other than March 7, 2011. Thus, 93 days elapsed between receipt of the Notice of Right to Sue on March 7, 2011, and the filing of the complaint on June 8, 2011. This Court therefore finds that Plaintiff's complaint was not timely filed.

### IV.  Summary

For the reasons stated above, this Court recommends that Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment **(#5)** be **GRANTED** pursuant to Federal Rule of Civil Procedure 56.

ENTER this 16th day of December, 2011.

_____
s/ DAVID G. BERNTHAL
U.S. MAGISTRATE JUDGE